# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HAROLD GIVENS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-1143 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Harold Givens' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, based on Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that the Armed Career Criminal Act's[1] ("ACCA") residual clause is unconstitutional. The government opposes the motion, arguing that Johnson does not affect movant's sentence and he remains an armed career criminal because his ACCA predicate offenses were force/elements and enumerated clause convictions, not residual clause violent felonies. The government also argues that movant's motion is not cognizable in a successive habeas action because it actually seeks relief based on statutory interpretation principles set forth in Mathis v. United States, 136 S. Ct. 2243 (2016), and does not rely on a new rule of constitutional law, as required by 28 U.S.C. § 2255(h)(2). For the reasons stated below, the Court will grant movant's motion.

## I. Background

On December 18, 2003, movant was charged in an indictment with being a: felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count I); felon in

---

[1] 18 U.S.C. § 924(e).

possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count II); and felon in possession of a firearm with a removed, obliterated, or altered serial number, in violation of 18 U.S.C. § 922(k) (Count III).  See United States v. Givens, 4:03-CR-764 CAS (E.D. Mo.) (Doc. 1). Following a mental competency examination, movant entered into a plea agreement with the government on March 17, 2005, under which he agreed to plead guilty to Count II in exchange for the government's agreement to dismiss Counts I and III.

A presentence investigation report ("PSR") was prepared after movant's plea.  The PSR stated that movant met the Armed Career Criminal provisions of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4 because he had at least three prior convictions for violent felonies. The PSR did not specify which of movant's convictions were for violent felonies.  Movant's prior convictions included Missouri felony offenses of (1) second-degree burglary committed in 1988, (2) second-degree robbery committed in 1988, and (3) second-degree burglary committed in 1994.  On June 21, 2005, the Court sentenced movant to the mandatory minimum term of 180 months and a three-year period of supervised release.

Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 18, 2008.  The Court denied the motion as both time barred and without merit, and denied a certificate of appealability.  Givens v. United States, No. 4:08-CV-1207 CAS (E.D. Mo.) (Order of Oct. 21, 2008).

After the Supreme Court decided Johnson, movant filed a successive motion to vacate, set aside or correct sentence which this Court denied without prejudice because movant had not obtained permission from the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2255(h). The Court transferred the motion to the Eighth Circuit, which granted movant's petition for

authorization to file a successive habeas application. Givens v. United States, No. 15-2973 (8th Cir. June 24, 2016). This Court then directed the Clerk of the Court to open movant's successive motion to vacate as a new civil case bearing the instant case number.

## II. Legal Standard

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Hardman v. United States, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); see also Hardman v. United States, __ F.Supp.3d __, 2016 WL 3702798, at *2-3 (W.D. Mo. June 3, 2016) (denying government's motion for reconsideration on the issue of the burden of proof).

## III. Discussion

In the instant motion, movant asserts that his 1994 Missouri second-degree conviction for burglary of an inhabitable structure no longer qualifies as a predicate offense now that Johnson has declared the ACCA's residual clause unconstitutional.[2] The government responds that despite Johnson, movant is still subject to the armed career criminal enhancement because his status does

---

[2]Movant's motion to vacate challenges only the status of his 1994 second-degree burglary conviction as an ACCA predicate felony. In a footnote of his motion, movant states "it is highly questionable that [his] prior Missouri conviction for Robbery 2nd Degree (PSR ¶ 39) is a 'crime of violence' under the Federal Sentencing Guidelines for purposes of calculating his otherwise applicable advisory Guidelines Offense level" because the statute's elements are overly broad compared to the elements of generic robbery in U.S.S.G. § 2K2.1. Movant asserts that as a result, "it is likely" his total offense level under the applicable Guidelines is 23. Mot. at 5, n.2. The government's Response addresses the robbery conviction, presumably because of this footnote. Because the robbery conviction is not asserted as a basis for the motion, the Court does not address it further.

3

not rest on the ACCA's residual clause. The government asserts that movant's burglary conviction was classified as a violent felony under the enumerated clause of the ACCA, not the residual clause. The government relatedly asserts that movant fails to establish his sentence was infected by constitutional – i.e., residual-clause – error, because he points to nothing in the record indicating that the Court decided his prior convictions were ACCA predicate felonies based on the residual clause rather than the enumerated clause.

The government also asserts that movant's claims are not cognizable in a successive § 2255 habeas action, as his motion fails to meet 28 U.S.C. § 2255(h)(2)'s requirement that a successive motion be based on a new rule of constitutional law. The government argues that movant relies on the "statutory interpretation principles espoused in Mathis, . . . not the constitutional holding in Johnson." Response at 6-7.

Movant replies that his motion meets the requirements of § 2255(h)(2) as it is based on Johnson's new rule of constitutional law that is retroactive to cases on collateral review, Welch v. United States, 135 S. Ct. 2551 (2015), and which was previously unavailable to him. Movant states that because the definition of inhabitable structure used in Missouri's burglary statute is broader than generic burglary as defined in Taylor v. United States, 495 U.S. 575 (1990), his burglary conviction does not qualify as an ACCA enumerated predicate offense, but at the time of sentencing it qualified under the ACCA's residual clause based on Eighth Circuit precedent such as Bell v. United States, 445 F.3d 1086, 1090 (8th Cir. 2006). Movant notes that at sentencing, the Court did not specify why the second-degree burglary convictions qualified as ACCA violent felonies.

4

*A. The Armed Career Criminal Act*

Movant's claim for relief relies on the interaction of recent Supreme Court cases interpreting the ACCA. Ordinarily, the crime of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of fifteen years. 18 U.S.C. § 924(a). The ACCA enhances the sentence and requires a fifteen-year minimum sentence if a person who violates § 922(g) has three previous convictions for a "violent felony." The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language, commonly known as the "residual clause," is the portion of the statute invalidated by <u>Johnson</u>, <u>see</u> 135 S. Ct. at 2556-57. The remaining clauses, § 924(e)(2)(B)(i) (the "elements clause"), and the first clause of § 924(e)(2)(b)(ii) (the "enumerated offenses clause"), are still effective. <u>Id.</u> at 2563. Recently, the Supreme Court held that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch</u>, 136 S. Ct. at 1268.

*B. Movant Meets the Requirements of 28 U.S.C. §§ 2244 and 2255(h)(2)*

Section 2244(b)(4) of Title 28 states that a "district court shall dismiss any claim presented in a second or successive application that the court of appeal has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Separately, Section 2255(h)(2) requires that a second or successive habeas motion must contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

The government argues that movant's motion does not present a cognizable claim because it is not based on a new rule of constitutional law as required by 28 U.S.C. § 2255(h)(2). The government contends that movant "attacks his second degree burglary convictions based on Missouri's definition of "inhabitable structure," which "demonstrates reliance on the statutory interpretation principles espoused in Mathis, . . . not the constitutional holding in Johnson."

In Mathis, the Supreme Court held that in determining whether a prior conviction qualifies as an ACCA predicate, the modified categorical approach of analysis cannot be used if the statute itemizes various factual means of committing a single element of a crime, instead of listing multiple elements disjunctively. Mathis, 136 S. Ct. at 2248-53. Specifically, the Court held that because the elements of Iowa's burglary statute – which applies to "any building, structure, [or] land, water, or air vehicle" – are broader than those of generic "burglary" – which requires unlawful entry into a "building or other structure" – prior convictions under the Iowa burglary law cannot give rise to a sentence enhancement under the ACCA. Id. at 2256, 2257.

As this Court and other courts have recognized, it is Johnson, and not earlier Supreme Court decisions such as Mathis, that may offer persons such as movant relief from his status as an armed career criminal. See Taylor v. United States, 2016 WL 6995872, at *3-5 (E.D. Mo. Nov. 30, 2016); Hayes v. United States, 2016 WL 4206028, at *2 (E.D. Mo. Aug. 10, 2016); see also United States v. Winston, __ F.Supp.3d __, 2016 WL 4940211, at *2 (W.D. Va. Sept. 16, 2016); United States v. Ladwig, __ F.Supp.3d __, 2016 WL 3619640, at *4 (E.D. Wash. June 28, 2016); United States v. Winston, 2016 WL 2757451, at *2-3 (W.D. Va. May 11, 2016). Without Johnson's invalidation of the residual clause, movant would not have a claim under Mathis that he is not an armed career criminal. After Mathis, movant's Missouri second-degree burglary conviction could no longer be

6

a predicate ACCA violent felony as an enumerated offense, see United States v. Bess, 2016 WL 6476539, at *4 (E.D. Mo. Nov. 2, 2016), but the conviction would still have qualified as a predicate felony under the residual clause. See United States v. Cantrell, 530 F.3d 684, 695-96 (8th Cir. 2008) (holding that Missouri's second-degree burglary offense was categorically a "crime of violence" despite the statute's broad definition of "inhabitable structure."). "Only with Johnson's invalidation of the residual clause could [movant] reasonably argue that he is no longer eligible for the ACCA enhancement." Ladwig, 2016 WL 3619640, at *4; see also Taylor, 2016 WL 6995872, at *3; Winston, 2016 WL 4940211, at *2; Hayes, 2016 WL 4206028, at *2.

Because Johnson provides movant with an avenue of relief that was not previously available to him, his petition utilizes that decision and therefore relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Court therefore rejects the government's argument.

*C. Movant Need Not Affirmatively Prove He Was Sentenced Under the Residual Clause*

The government's remaining, interrelated arguments are that (1) movant was sentenced under the ACCA's enumerated clause and therefore Johnson's invalidation of the residual clause does not affect his status as an armed career criminal, and (2) movant fails to establish that his sentence was infected by constitutional error because he cannot show that the Court decided his prior conviction was an ACCA predicate felony based on the residual clause rather than the enumerated clause.[3]

---

[3] As noted above, the Court only addresses the argument set forth in movant's motion: that his 1994 Missouri burglary second-degree conviction is no longer an ACCA predicate felony. Accordingly, the Court does not address the government's argument that movant's robbery second-degree conviction remains an ACCA felony under the statute's elements/use of force language. But see United States v. Bell, 840 F.3d 963, 966-67 (8th Cir. 2016) (Missouri conviction for second-

7

The government points to nothing in the record to support its bare assertion that movant was sentenced as an armed career criminal under the enumerated clause rather than the residual clause. The Court has reviewed the indictment, the presentence report, and the sentencing transcript in the underlying criminal case. There is no mention in any of these documents as to the specific basis for movant's sentence under the ACCA. This is not surprising, as "[n]othing in the law requires a judge to specify which clause of § 924(c) . . . it relied upon in imposing a sentence," In re Chance, 831 F.3d 1335, 1340 (11th Cir. 2016). At the time of movant's sentencing there was no need to distinguish between the enumerated and residual clauses, and no need to invoke any specific clause when the Court found that movant qualified as an armed career criminal. See United States v. Gabourel, __ F.Supp.3d __, 2016 WL 3453479, at *3 (W.D. Va. June 17, 2016). The Court therefore rejects the government's unsupported argument that movant was sentenced under the ACCA's enumerated clause.

As for the argument that movant must establish he was sentenced under the residual clause, this Court has previously held that "[i]n a situation where the Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause." Bevly v. United States, 2016 WL 6893815, at *1, No. 4:15-CV-965 ERW (E.D. Mo. Nov. 23, 2016) (citing Johnson v. United States, 2016 WL 6542860, at *2 (W.D. Mo. Nov. 3, 2016)); see also Ladwig, 2016 WL 3619640, at *3. The Court will follow its precedent and proceed to the merits of movant's motion.

---

degree robbery does not constitute a "crime of violence" under the United States Sentencing Guidelines "because it does not necessarily require the use of violent force as one of its elements." Id. at 967).

8

### D. *Movant's Prior Conviction No Longer Qualifies as a Violent Felony*

Movant argues that his 1994 Missouri second-degree burglary conviction no longer qualifies as a violent felony now that the ACCA's residual clause has been invalidated. The government's Response does not address the merits of this argument, but rather only argues that movant's motion cannot succeed for the threshold reasons addressed above. The Court agrees with movant.

With the invalidation of the residual clause, movant's second-degree burglary conviction could only be a violent crime under the ACCA's enumerated clause, which defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). A prior conviction will qualify as an ACCA predicate offense "if, but only if, its elements are the same as, or narrower than, those of the generic offense." Mathis, 136 S. Ct. at 2247. "That means as to burglary—the offense relevant in this case—that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" Id. at 2248 (quoting Taylor, 495 U.S. at 598). "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." Id.[4]

"To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements

---

[4]The Supreme Court's opinion in Mathis makes clear that the divisibility rule it announced is not a "new" rule. The Court stated that its conclusion was compelled by its precedents going back twenty-five years. See Mathis, 136 S. Ct. at 2247, 2251. Because Mathis did not announce a new rule, courts may apply the decision on collateral review. See Whorton v. Bockting, 549 U.S. 406, 414-416 (2007) (decision that clarifies existing law (and thereby reaffirms an "old rule") "applies . . . on collateral review"); Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) ("[W]hen we apply a settled rule . . . a person [may] avail herself of the decision on collateral review.").

of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Id. at 2248 (citing Taylor, 495 U.S. at 600-01). The elements of a crime are "the things the prosecution must prove to sustain a conviction" and are "what the jury must find beyond a reasonable doubt to convict the defendant[.]" Id. (citations and internal quotations omitted). In contrast, the facts of a crime are "extraneous to the crime's legal requirements" and have "no legal effect [or] consequence[.]" Id. (citations omitted).

At issue in Mathis was Iowa's burglary statute, which lists multiple, alternative means of satisfying one of its elements—the place where a burglary can occur. Id. at 2248, 2250. The generic offense of burglary requires unlawful entry into a "building or other structure." Id. at 2250 (citing Taylor, 495 U.S. at 598). In contrast, the Iowa statute describes a broader range of places where a burglary can be committed: "any building, structure *[or] land, water, or air vehicle*." Id. at 2250 (emphasis in original) (quoting Iowa Code § 702.12 (2013)). The Supreme Court concluded the statute's listed locations are not "alternative elements, going toward the creation of separate crimes" but rather are "alternative ways of satisfying a single locational element[.]" Id. (citations omitted). The Court held that Iowa's burglary statute was overbroad for the purposes of an ACCA enhancement because the statute's elements were broader than those of generic burglary. Id. at 2251, 2257.

Under Missouri law, "a person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.'" Mo. Rev. Stat. § 569.170.1 (2000). The statute does not define the term "building." Another statute defines the term "inhabitable structure" to include a "ship, trailer, sleeping car, airplane, or other vehicle or structure" where a person lives or

10

carries on business; where people assemble for purposes of business, education, religion, government, entertainment, or public transportation; or is used for overnight accommodation. Mo. Rev. Stat. § 569.010(2) (2000). Under the statute, a vehicle or structure is inhabitable regardless of whether a person is present. Id. Missouri's burglary statute, similar to Iowa's, lists a number of locations that can satisfy an element of the crime.

In United States v. Bess, the Eighth Circuit stated that Missouri's second-degree burglary statute covers a broader range of conduct than generic burglary, and therefore a conviction under the statute cannot qualify as a predicate violent felony under the categorical approach for ACCA sentencing. Bess, 655 F. App'x 518, 519 (8th Cir. 2016) (unpublished per curiam). The Eighth Circuit remanded Bess to this Court to determine in the first instance whether a Missouri second-degree burglary conviction may qualify as a predicate offense under the modified categorical approach. The Eighth Circuit stated that if the alternative phrases in the burglary statute – "building" and "inhabitable structure" – are means of committing the crime, rather than elements, then the statute is not divisible, the modified categorical approach is not available, and convictions under the statute do not qualify as ACCA predicate offenses. Id. at 520.

On remand, the Honorable E. Richard Webber examined the Missouri second-degree burglary statute and concluded that it includes alternative means, not elements, and therefore is indivisible. Bess, 2016 WL 6476539, at *4. As a result, Judge Webber held the modified categorical approach is not available and Missouri second-degree burglary convictions are not ACCA predicate offenses. Id. at *5. Judge Webber also noted that two other district courts have held that Missouri's second-degree burglary statute is indivisible and that convictions under it cannot be predicate violent felonies under the ACCA. Id. (citing Henderson v. United States, __

11

F.Supp.3d __, 2016 WL 4967898, at *5 (W.D. Mo. Sept. 16, 2016), and United States v. Rockwell, __ F.Supp.3d __, 2016 WL 4939115, at *3 (W.D. Ark. Sept. 14, 2016)).[5] See also Johnson, 2016 WL 6542860, at *3 (same); Taylor, 2016 WL 6995872, at *6.

Because Missouri's second-degree burglary statute includes alternative means and is indivisible, the modified categorical approach is not available. Bess, 2016 WL 6476539, at *4; Taylor, 2016 WL 6995872, at *6. As a result, movant's Missouri second-degree burglary conviction is not an ACCA predicate offense, and movant has met his burden to show that his sentence is illegal because the 1994 burglary conviction could not have qualified as the necessary third ACCA conviction.

**IV. Conclusion**

Under the Supreme Court's holding in Johnson, movant's 1994 Missouri conviction for second-degree burglary no longer qualifies as a violent felony under the ACCA. As a result, movant has established that his sentence is "in excess of the maximum authorized by law," see 28 U.S.C. § 2255(a), because he does not have three ACCA predicate offenses to qualify for the statutory enhancement. Movant is therefore entitled to be resentenced.

---

[5]Judge Webber also stated that burglary "statutes similar to Missouri's have uniformly been declared to be indivisible and convictions under those statutes have been found not to qualify as predicate offenses." Bess, 2016 WL 6476539, at *5 (citing Wojcieszak v. United States, __ F.Supp.3d __, 2016 WL 3637274 (S.D. Fl. Jul. 1, 2016) (Florida statute); United States v. Edwards, 836 F.3d 831 (7th Cir. 2016) (Wisconsin statute); United States v. Ladwig, __ F.Supp.3d__, 2016 WL 3619640 (E.D. Wash. Jun. 28, 2016) (Washington statute); Sanchez v. United States, 2016 WL 4921029 (E.D. Tenn. Sept. 14, 2016) (New Jersey statute); and United States v. Ritchey, 840 F.3d 310 (6th Cir. 2016) (Michigan statute)).

Accordingly,

**IT IS HEREBY ORDERED** that movant Harold Givens' Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the judgment and commitment in <u>United States v. Harold Givens</u>, No. 4:03-CR-764 CAS, filed June 21, 2005 (Crim. Doc. 52) is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare an updated presentence investigation report on Mr. Givens. Movant is granted a new sentencing hearing, to be set as soon as the presentence investigation report is completed. Until the sentencing hearing, Mr. Givens' detention order (Crim. Doc. 30) remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 4:03-CR-764 CAS.

An appropriate judgment will accompany this Memorandum and Order.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of December, 2016.